FILED

April 28 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0646

DA 14-0646

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 114N

IN THE MATTER OF:

K.F.,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DN 13-05
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Elizabeth Thomas, Attorney at Law, Missoula, Montana

    For Appellee:

    Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

    Mitch Young, Lake County Attorney, Polson, Montana

Submitted on Briefs: March 25, 2015
Decided: April 28, 2015

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mother appeals the order terminating her parental rights to her minor daughter on the ground that the conduct of the adjudication hearing violated her right to due process and statutory requirements.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 K.F. was born in January 2001 to birth mother D.R. and birth father R.F. The record indicates Father and Mother terminated their relationship before K.F. was born. During this proceeding, Father's parental rights were terminated and he does not appeal. Consequently, we do not address Father in this Opinion.

¶4 The Department of Child and Family Services (Department) received a report on June 27, 2013, alleging neglect of K.F. by her Mother due to Mother's suspected prescription drug abuse. On July 1, 2013, Mother was arrested for felony assault with a weapon and misdemeanor partner family member assault against her partner at the time. K.F. was present at the time of the assault. K.F. was removed from Mother's custody and placed with her maternal grandparents.

¶5 A Child Protective Services (CPS) worker met with Mother at the jail. Mother signed a Present Danger Plan and agreed to not contact K.F. upon her release but rather to contact CPS, which would arrange for Mother and K.F. to see each other. Mother was released on

2

July 8, 2013, and did not contact CPS. On July 30, 2013, CPS filed for temporary legal custody of and emergency protective services for K.F. as Mother's whereabouts were unknown at that time. A public defender was appointed for Mother on August 12, 2013.

¶6 The District Court scheduled a Show Cause Hearing for August 14 but continued the hearing upon learning that Mother had not been found nor had she been served. After continued attempts to locate Mother proved fruitless, CPS served her by publication. On September 6, 2013, a guardian ad litem was appointed for K.F. The District Court held the show cause hearing on September 12, 2013, and Mother's counsel appeared but Mother did not. The court entered default judgment against Mother. Following the hearing, K.F. was moved from her grandparents' care into the care of an aunt and uncle who are licensed kinship care providers.

¶7 On September 13, 2013, the public defender's office moved to rescind appointment of Mother's public defender because Mother had failed to complete and return the necessary paperwork. The District Court granted the motion.

¶8 The court conducted an adjudicatory hearing on temporary legal custody (TLC) on October 24, 2013. Mother did not appear at the hearing nor was she represented by counsel. The District Court entered default against Mother and on October 28, 2013, entered its Order Adjudicating Child as Youth in Need of Care and Granting Temporary Legal Custody.

¶9 The case lay dormant until May 12, 2014, when the State moved for a hearing on termination of Mother's parental rights. The Petition for Termination alleged that Mother had abandoned K.F. and K.F.'s best interests would be served by termination of Mother's

rights.  Mother was again served by publication with notice of the termination hearing.  On June 11, 2014, Mother appeared and requested counsel and a continuance of the termination hearing.  Counsel was appointed and the termination hearing was rescheduled for July 31, 2014.  Mother attended the July hearing with counsel and testified.  She acknowledged that she had made bad decisions concerning drugs and had allowed some "bad people" into her life, but asserted that she had not intentionally abandoned her daughter.

¶10    On August 28, 2014, a final hearing on termination was held.  On September 15, 2014, the Twentieth Judicial District Court for Lake County terminated Mother's parental rights on the grounds of abandonment.  The court allowed for the possibility that Mother could adopt K.F. in the future if she maintained a stable, drug-free life.  Mother filed a timely appeal.

¶11    Mother argues that she was unrepresented at the October 24, 2013 TLC hearing and without counsel at such a critical stage, her right to due process was violated, resulting in a fundamentally unfair procedure that tainted the remaining proceedings.  She further asserts that the District Court's failure to take evidence at this October hearing (both parents defaulted and therefore no testimony was taken) was a violation of statutory requirements.  The State counters that Mother has not carried her burden of showing that reversible error occurred because she was not represented at the adjudicatory hearing.

¶12    We review a District Court's decision to terminate parental rights for an abuse of discretion.  The record clearly reveals that the State took all necessary and legal measures to notify Mother of the proceedings.  Additionally, CPS made multiple attempts to contact Mother and arrange for contact between Mother and child.  Mother, however, did not return

calls, could not be found at any known or discovered addresses, and failed to contact CPS or the State to determine what she needed to do to regain custody of or visitation opportunities with her daughter. By Mother's admission, she had no contact with her daughter for almost one year. Additionally, Mother, through counsel, did not raise objections at the 2014 show cause or termination hearings about due process or statutory violations ostensibly arising from the lack of representation at the TLC hearing.

¶13 "We will not put a district court in error for an action to which the appealing party acquiesced or actively participated." *State v. Ladue*, 2001 MT 47, ¶ 23, 304 Mont. 288, 20 P.3d 775 (citation omitted). Moreover, Mother failed to raise these objections below, and we do not consider new arguments raised for the first time on appeal. *In re T.E.*, 2002 MT 195, ¶ 20, 311 Mont. 148, 54 P.3d 38 (citations omitted). Finally, Mother does not urge us to exercise plain error review of these claims, and we decline to do so.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. The District Court's findings of fact are not clearly erroneous and are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. Furthermore, there was no abuse of discretion.

¶15 We affirm.

/S/ PATRICIA COTTER

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ MICHAEL E WHEAT

5